## TURNER V. THE STATE.

No. 11674.   Delivered May 23, 1928.

**1.—Receiving Stolen Property, a Misdemeanor—Allegation and Proof—Variance Fatal.**

Where the complaint charged appellant with having received from Leon Malone and Billy Loftin certain stolen property, and the proof

showed that the stolen property was received by appellant from one Ellis Middoff, the variance between the allegation and proof was fatal.

**2.—Same—Continued.**

It is well settled that the name of the party from whom the accused received the stolen property must be alleged in the indictment, and in order to convict it is necessary for the state to meet such allegation with appropriate evidence, otherwise the state's case will fail. See Kahanek v. tate, 83 Tex. Crim. Rep. 19, and Moseley v. State, 36 Tex. Crim. Rep. 578.

Appeal from the County Court of Hutchinson County. Tried below before the Hon. W. R. Goodwin, Judge.

Appeal from a conviction for receiving stolen property, penalty a fine of $100 and ten days in the county jail.

The opinion states the case.

*Walter R. Allen* of Stinnett, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for receiving stolen property, punishment assessed being confinement in the county jail for ten days and a fine of one hundred dollars.

A number of questions are presented for review but we find it necessary to discuss only one.

The complaint and information charges appellant with having fraudulently received from *Leon Malone* and *Billy Loftin* certain property which had been stolen from the Phillips Petroleum Company. The evidence reveals that Leon Malone and Billy Loftin were boys about ten years of age. They testified that about two weeks before the transaction upon which this prosecution is based they had sold some stolen brass and copper to appellant, who was in the junk business, at which time they advised appellant that it was stolen. They affirmed that he told them to get some more brass and bring to him and he would buy it. They seem to have engaged with them in the undertaking another boy of about their age, one *Ellis Middoff*. The three of them stole from the Phillips Petroleum Company the property which appellant is alleged to have received. They took it near to appellant's place of business, which at the time was closed, it being Sunday. The three of them hid the property near appellant's junk yard. Ellis Middoff, without knowledge of either Malone or Loftin, went and got the property from its hiding place, sold it to appellant, and collected the money for it,

none of which he gave to either Malone or Loftin, who knew nothing about Middoff having sold it until the two of them went on Monday to where the property had been hidden and found it had been taken away. Under this state of the record, at the instance of the State, the court gave an instruction to the jury which was in substance that if appellant had at a prior time told Malone and Loftin to get other property and bring it to him appellant would be guilty of receiving the property in question from Malone and Loftin, although the jury might believe, he actually received it from Middoff. This instruction was not the law. At the instance of appellant the court then gave the jury a charge which was in direct contradiction to the one given at the State's request. The contradictory charge told the jury that before they could convict appellant they must believe from the evidence beyond a reasonable doubt that the property in question was received from Malone and Loftin, and if appellant received it from Middoff they would acquit. It is not necessary to discuss the conflicting charges. Under the undisputed evidence to have reached a conviction at all the jury was bound to have followed the erroneous charge. It is well settled that the name of the party from whom accused received the stolen property must be alleged in the indictment. In order to convict it is necessary for the State to meet such allegations with appropriate evidence, otherwise the State's case will fail. Kahanek v. State, 83 Tex. Crim. Rep. 19, 201 S. W. 974, and authorities therein cited. See also Moseley v. State, 36 Tex. Crim. Rep. 578.

The undisputed evidence in the present case shows that the State alleged one case and proved another. The judgment of conviction must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*